Nash, C. J.
 

 There is no error. In the course of the trial it became important to the lessor of the plaintiff to prove that he was the heir-at-law of John Hill, the patentee of the land in dispute. The deposition of John Burch, a very aged man, proved that John Hill died during the war of the Revolution; that he was well acquainted with Moses Ernull, the father of the lessor of the plaintiff, and heir-at-law, and that he was related to the Ernulls. The defendant contended that there, was no evidence of the death of John Hill without children, or that the lessor of the plaintiff was his heir-at-law. His Honor left it to the jury, under the evidence, to ascertain the facts. In this, there is no error. What constitutes an heir is strictly a question of law, but the facts upon which a person claims to be heir to another is an enquiry for the jury. His Honor might have been more precise in his charge, but we think he was sufficiently so not to mislead the jury, and not to devolve upon them a duty which rightly belonged to
 
 *477
 
 him. If the lessor of the plaintiff was his oldest nephew, and ■John Hill had died without children, (which the jury, under the circumstances, were at liberty to presume, particularly as such was the understanding of the community,) then the lessor of the plaintiff was his heir-at-law. The evidence of Bucrh is that Hill died previous to the act of 1781.
 

 The record of proceedings in the County Court of Craven, to correct a line of the patent of John Hill, was offered by the plaintiff, and objected to by defendant’s counsel, upon the ground that “ there was no evidence of an order of the Court for a certificate, or of a certificate being filed.” The objection was properly overruled. There was no necessity for the proposed amendment, as the calls of the patent would carry the line to the pine tree to which it was proposed to carry it by the amendment. See
 
 Rownbree
 
 and
 
 Person
 
 in Note to - v.
 
 Beatty,
 
 1 Hayw. 378. The introduction of the record was entirely immaterial.
 

 The last objection, on the part of the defendant, is to the charge of the Judge. The controversy between the parties mainly turned upon the location of a particular corner. The plaintiff contended that the corner designated on the survey as A, was his beginning corner; and the defendant insisted that the corner at A was not the beginning corner of the grant to Hill. It was admitted on both sides that there was a corner at A. In his charge his Honor observed to the jury that “ the counsel of the defendant had admitted, as from the evidence they were forced to admit, that A was a corner.” In the argument here, it was insisted that this observation was said in a manner so significant as was well calculated to throw discredit upon the whole defence.
 
 We
 
 are necessarily confined to the record, and cannot look beyond it. It certainly can be no error for a Judge to state to the jury the admissions of the parties. It is, indeed, his duty so to do. It strips the case of extraneous matters, simplifies the duties of the j uiy, and expedites the trial. But a Judge ought to be careful not to throw into his observations, by words or actions, anything which may be calculated to influence the jury
 
 *478
 
 upon points that are in contest between the parties. We do not perceive in what way the expressions of the Judge in this case could have had such an effect; the language is not selected with that care which an anxious desire to keep within the provisons of the act of 1776 would dictate; the words, “ as they were forced to admit,” may have been discourteous and grating to the feelings of the counsel, but as they could have had no effect upon the points really in dispute, we cannot say that his Honor violated the act of 1776.
 

 We have examined the authorities brought to our notice by the defendant’s counsel, on the various points in controversy, and do not see that this opinion is in conflict with them.
 

 Pee Cueiam.
 

 There is no error, and the judgment is affirmed.